IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION



|  |  |  |
|---|---|---|
| KAVIN M. CARTER, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 04-2832-D/V |
| CITIFINANCIAL MORTGAGE CO., et al., | ) | |
| Defendants. | ) | |

ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Kavin M. Carter, a resident of Memphis, filed a pro se complaint on the form used for commencing actions pursuant to 42 U.S.C. § 1983 on October 15, 2004, along with a motion seeking leave to proceed in forma pauperis. The Court issued an order on February 24, 2005 denying leave to proceed in forma pauperis and directing the plaintiff to remit the $150 civil filing fee within thirty days. Plaintiff paid the filing fee on March 24, 2005. The Clerk shall record the defendants as CitiFinancial Mortgage Company, Inc. ("CitiFinancial"), Bankruptcy Trustee George W. Emerson, Jr., Crye-Leike Property Management, Inc. ("Crye-Leike"), and U.S. Bankruptcy Judge David S. Kennedy.

The factual allegations of the complaint consist, in their entirety of the following:

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 5-17-05

5

> Citifinancial Mortgage Company, through Atty Lisa Sammonns of Wilson & Associates, conspired with trustee George Emerson and Bankruptcy Judge David Kennedy in denying me my constitutional right to a fair and impartial hearing in having my day in court. They foreclosed on my property on Oct 8, 2004 without due process.

The prayer for relief states:

> I would like the Court to issue a automatic stay to stop foreclosure proceedings until a hearing is heard on this matter. I also, in the future, would like the Court to award punitive damages to sanction and punish defendants to the full extent of the law. I would like my property returned back to me.

An examination of the bankruptcy court docket indicates that plaintiff has filed twelve bankruptcy petitions.[1] On the basis of the filing date of this case and the identity of the bankruptcy judge and trustee, it would appear that this lawsuit pertains to plaintiff's tenth Chapter 13 petition, Case No. 04-31227, which was filed in the United States Bankruptcy Court for the Western District of Tennessee on July 21, 2004. On August 6, 2004, CitiFinancial, through counsel, filed a motion entitled "Motion for Relief from the Automatic Stay Provisions In Rem of the Bankruptcy Code." The motion provided, in pertinent part, as follows:

> 1.  [CitiFinancial] is the holder of the deed of trust and deed of trust note originally executed by Kavin M. Carter on April 6, 2000, securing payment in the principal sum of $72,000.00 to Franklin Mortgage Funding,

---

[1] The first ten cases filed by plaintiff are listed at p. 3, supra. The remaining cases are: Case No. 04-34225 (Bankr. W.D. Tenn. filed Sept. 13, 2004) (Chapter 13; voluntarily dismissed without prejudice Sept. 28, 2004); Case No. 04-38972 (Bankr. W.D. Tenn. filed Dec. 7, 2004) (Chapter 13; dismissed Mar. 24, 2005), on appeal, No. 05-2299-B/V (W.D. Tenn. filed Apr. 22, 2005).

2

Inc. This deed of trust covers the real property located at 6894 Rockbrook Drive, Memphis, Tennessee 38106. . . .

2. As set forth herein, the Debtor is contractually due for the October 20, 2000 payment. The last payment received from Debtor was on December 18, 2000. The Debtor has not yet filed a bankruptcy plan in this matter. The case at bar is the Debtor's tenth (10th) filing. Debtor has failed to pay even one (1) dollar in eight (8) of the ten (10) bankruptcy filings. Further, Movant has never received a payment through any of the bankruptcy cases.

3. The first (1st) case, Case Number 01-27814 was filed on May 29, 2001 and was dismissed on August 27, 2001 for failure to commence payments. A Motion to Reinstate the case was denied on November 28, 2001. The second (2nd) case, Case Number 01-36475 was filed on October 25, 2001 and dismissed on January 3, 2002 for failure to appear at the Meeting of Creditors. The third (3rd) case, Case Number 02-20829 was filed on January 14, 2002 and dismissed March 22, 2002 for failure to appear at the Meeting of Creditors. A _foreclosure sale_ was then set for July 19, 2002 and the fourth (4th) case, Case Number 02-30068 was filed on June 19, 2002 and _voluntarily_ dismissed on August 20, 2002. A _foreclosure sale_ was then set for November 22, 2002 and the fifth (5th) case, Case Number 02-39416 was filed on November 18, 2002 and dismissed December 9, 2002 for failure to satisfy the filing requirements. A _foreclosure sale_ was then set for March 28, 2003 and the sixth (6th) case, Case Number 03-23286 was filed on February 27, 2003 and was _voluntarily_ dismissed on April 15, 2003. A _foreclosure sale_ was then set for June 6, 2003 and the seventh (7th) case, Case Number 03-28789 was filed on May 23, 2003 and dismissed on July 26, 2003 for failure to satisfy the filing requirements. A _foreclosure sale_ was then set for January 23, 2004 and the eighth (8th) case, Case Number 04-21028 was filed on January 20, 2004 and _voluntarily_ dismissed March 15, 2004. A _foreclosure sale_ was then set for May 21, 2004 and the nineth [sic] (9th) case, Case Number 04-27750 was filed on May 19, 2004 and _voluntarily_ dismissed July 7, 2004. A _foreclosure sale_ was then set for July 23, 2004 and the tenth (10th) case and current to bar, Case Number 04-31227-DSK was filed on July 21, 2004. These repetitive filings indicate that the current case has been proposed in bad faith. Therefore, Movant is not adequately protected.

3

> 4. Movant is entitled to relief from the operation of the automatic stay *in rem* pursuant to 11 U.S.C. § 362(d) for the reason that the interest of Movant in the property referred to above will not be adequately protected if the stay is allowed to remain in full force and effect, and the Debtor is unable to demonstrate any reasonable likelihood that Debtor will be able to make payments to Movant as required to keep the collateral from deteriorating.

Orders were issued voluntarily dismissing the case on August 16 and 20, 2004. On August 19, 2004, CitiFinancial, through counsel, filed a motion asking that

> relief from the automatic stay *in rem* shall be retroactive to the date of the original Order dismissing the case, that any foreclosure proceedings taken against the property since the date of the original Order dismissing the case be deemed valid, that the Debtor be sanctioned to the full extent permitted by the law, including Debtor being required to pay to Movant all of Movant's attorneys fees, foreclosure fees and costs and all other costs incurred by Movant in connection with the Debtor's bankruptcy filings and default under the loan, for its costs and attorney's fees herein, and all other just and proper relief.

The docket sheet indicates that a hearing on CitiFinancial's motion was scheduled for 10:00 a.m. on September 30, 2004. The bankruptcy judge issued an order on October 1, 2004 granting CitiFinancial's order. That order noted that "Movant has a foreclosure sale currently scheduled for October 8, 2004 and has requested that any foreclosure proceedings taken against the property since the date of the original Order voluntarily dismissing this case be deemed valid," 10/01/04 Order at ¶ 3, and that "Debtor was provided notice of these proceedings and was afforded an opportunity to appear.

4

Debtor did not appear," id., ¶ 4. Accordingly, the bankruptcy court issued the following order:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the Motion is hereby GRANTED and the Debtor, and any other person or entity, is hereby prohibited for a period of 180 days from August 16, 2004 from invoking the protections of the automatic stay in any future bankruptcy case under 11 U.S.C. § 101 et. seq. as amended, as to the Movant, its successors and assigns, have fully exercised any non-bankruptcy remedies, including foreclosure proceedings and any proceedings to obtain possession of said property, regardless of any change in circumstance. Any such bankruptcy shall be null and void of no effect as to any non-bankruptcy remedy being pursued by the Movant, its successors and assigns.
>
> IT IS THEREFORE FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the foreclosure sale scheduled for October 8, 2004, may be held as scheduled and that any actions taken in connection with such foreclosure proceedings since the date of the original Order voluntarily dismissing this case are hereby validated.
>
> IT IS THEREFORE FURTHER ORDERED, ADJUDGED AND DECREED by the Court that in the event the Debtor files a new bankruptcy case (or reopens any one of the closed bankruptcy cases) prior to the Movant having completed its foreclosure proceedings, Movant may complete its foreclosure proceedings as scheduled; provided, however, that it shall not record the deed transferring title to the Property without first having obtained the permission of the Court, by requesting an expedited hearing before the Court to obtain such permission. Further, in the event the Debtor files a new bankruptcy case (or reopens any one of the closed bankruptcy cases) prior to the Movant having taken possession of the property after completing foreclosure proceedings, Movant may immediately request an expedited hearing before the Court to obtain permission to proceed with eviction.

It appears that plaintiff attempted to file a motion on or about November 17, 2004 to sanction CitiFinancial for violating 11 U.S.C. §§ 362 and 301, but that filing was rejected because the case had

5

been closed. The complaint, which was filed on October 15, 2004, one week after the scheduled foreclosure sale, does not clearly state whether that sale occurred.[2]

According to the Sixth Circuit, "a district court may not sua sponte dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." Apple v. Glenn, 183 F.3d 477, 478 (6th Cir. 1999) (per curiam); see also Benson v. O'Brian, 179 F.3d 1014 (6th Cir. 1999); Tingler v. Marshall, 716 F.2d 1109, 1112 (6th Cir. 1983). There is an exception to this general rule, however, that permits a district

---

[2] The docket to plaintiff's final bankruptcy petition, Case No. 04-38972, which was filed December 8, 2004, clarifies the status of the property. CitiFinancial, through counsel, filed a motion on January 25, 2005, entitled "Expedited Motion to Dismiss Debtor's Chapter 13 Case with Prejudice and In Rem as to Movant and Request for Sanctions," which stated, in pertinent part, that

> [t]he foreclosure sale was held on October 8, 2004. The eleventh (11th) case, Case Number 04-34225, was filed on September 13, 2004, but was voluntarily dismissed by Debtor on September 28, 2004 after Movant filed a Motion to Dismiss with Prejudice. The twelfth (12th) case, Case No. 04-39872, was filed on December 7, 2004 in direct violation of the Order [issued on October 1, 2004]. A Judgment for Possession of the Property was granted by the General Sessions Court of Shelby County on or about November 29, 2004; however, Movant has been unable to proceed with eviction due to this most recent bad faith filing by Debtor.

Plaintiff attempted to voluntarily dismiss that bankruptcy petition on February 18, 2005, but his document was returned to him for lack of a signature. A hearing was held on March 15, 2005 and the bankruptcy court in case no. 04-38972, who is not a party to this action, issued an order on March 24, 2005 granting the motion to dismiss with prejudice. That order (i) provided "[t]he debt owed to every creditor listed in debtor's schedules is non-dischargeable in the present case and in any future bankruptcy case"; (ii) barred the plaintiff barred for three years from invoking the protection of the automatic stay under 11 U.S.C. § 101 et seq. as amended; and (iii) authorized Movant to proceed with all remedies to obtain possession of the premises at 6894 Rockbrook if plaintiff has not vacated the property by April 13, 2005. Plaintiff filed a notice of appeal, and that appeal, case no. 04-2299-B/V (W.D. Tenn. filed Apr. 22, 2005), is pending before another district judge. Plaintiff filed a motion in the bankruptcy court seeking to stay the Court's order pending the disposition of his appeal, and the bankruptcy court, after a hearing, issued an order on May 5, 2005 denying a stay.

court to dismiss a complaint "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple, 183 F.3d at 478 (citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)). Applying this standard, plaintiff's complaint is subject to dismissal in its entirety.

First, the complaint contains no factual allegations about defendant Crye-Leike, and the Court has not discovered any reference to Crye-Leike in the various bankruptcy court proceedings. When a plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985).

Second, the plaintiff cannot sue defendants CitiFinancial and Crye-Leike under 42 U.S.C. § 1983, which encompasses violations of the federal Constitution or federal law by individuals acting under color of state law. Lugar v. Edmonson Oil Co. Inc., 457 U.S. 922, 924 (1982); Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155 (1978); Wagner v. Metro. Nashville Airport Auth., 772 F.2d 227, 229 (6th Cir. 1985). "A § 1983 plaintiff may not sue purely private parties." Brotherton v. Cleveland, 173 F.3d 552, 567 (6th Cir. 1999). Thus, "[i]n order to be subject to suit under § 1983,

7

defendant's actions must be fairly attributable to the state." Collyer v. Darling, 98 F.3d 211, 231-32 (6th Cir. 1997). The complaint provides no basis for state action in the conduct of these private corporations.

Third, plaintiff cannot sue defendant Kennedy, a U.S. Bankruptcy Judge, and defendant Emerson, a bankruptcy trustee appointed by the bankruptcy court, under § 1983 because these federal officials act under color of federal law. Franklin v. Henderson, No. 00-4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2001) ("The federal government and its officials are not subject to suit under 42 U.S.C. § 1983."); Habtemariam v. Adrian, No. 98-3112, 1999 WL 455326, at *2 (6th Cir. June 23, 1999); Johnson v. Ionia United States Postal Serv., Nos. 90-1078, 90-1313, 1990 WL 115930, at *1 (6th Cir. Aug. 10, 1990); Walber v. United States Dep't of Housing & Urban Dev., No. 88-1984, 1990 WL 19665, at *2 (6th Cir. Mar. 5, 1990).

Even if the Court were to construe the claims against Kennedy and Emerson as arising under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), the complaint would still be subject to dismissal. To the extent plaintiff seeks to sue Judge Kennedy in his individual capacity, his claim is barred by absolute judicial immunity. See Mireles v. Waco, 502 U.S. 9, 12 (1991); Stump v. Sparkman, 435 U.S. 349, 359-60 (1978); Pierson v. Ray, 386 U.S. 547, 553-54 (1967); DePiero v. City of Macedonia, 180 F.3d

8

770, 783-84 (6th Cir. 1999); Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997); King v. Love, 766 F.2d 962, 965 (6th Cir. 1985).

To the extent plaintiff seeks to sue Judge Kennedy in his official capacity, his claim is actually asserted against the United States and is barred by sovereign immunity. FDIC v. Meyer, 510 U.S. 471, 483-86 (1994); see also Shaner v. United States, 976 F.2d 990, 994 (6th Cir. 1992) (Bivens actions may not be brought against the United States); Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 845 F.2d 113, 115-16 (6th Cir. 1988) (per curiam). The doctrine of sovereign immunity also bars Bivens actions for declaratory and injunctive relief. Wolverton v. United States, No. 96-5224, 1997 WL 85153, at *4 (6th Cir. Feb. 26, 1997) (per curiam); United States v. Rural Elec. Convenience Coop. Co., 922 F.2d 429, 434 (7th Cir. 1991).[3]

Moreover, "[i]t is well settled that leave of the appointing forum must be obtained by any party wishing to institute an action in a non-appointing forum against a [bankruptcy] trustee, for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court." In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993). The plaintiff

---

[3] This Court has jurisdiction to consider plaintiff's request for injunctive relief only on appeal pursuant to 28 U.S.C. § 158(a). Plaintiff has not appealed any of the actions taken in bankruptcy case no. 04-31227.

9

plainly did not seek leave of the bankruptcy court before instituting this action against Emerson.[4]

For all the foregoing reasons, the Court DISMISSES this action in its entirety, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3), for lack of subject-matter jurisdiction.

The final issue to be addressed is whether the plaintiff should be allowed to appeal this decision in forma pauperis, should he choose to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must seek pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). However, Rule 24(a)(3) provides that if a party was permitted to proceed in forma pauperis in the district court, he may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed in forma pauperis, along with a supporting affidavit, in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

---

[4] Although not pertinent to the issue of subject-matter jurisdiction, the Court notes that this action appears to be entirely lacking in substantive merit. The gravamen of the plaintiff's complaint is that the bankruptcy court order at issue was entered without a hearing. See supra p. 2. The bankruptcy court order states, however, that plaintiff did not appear for the hearing scheduled for September 30, 2004.

10

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. <u>Id.</u> It would be inconsistent for a district court to determine that a complaint does not warrant service on the defendants, yet has sufficient merit to support an appeal <u>in forma pauperis</u>. See <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss the complaint for lack of subject-matter jurisdiction also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by the plaintiff is not taken in good faith. Leave to proceed on appeal <u>in forma pauperis</u> is, therefore, DENIED. Accordingly, if plaintiff files a notice of appeal, he must pay the $255 appellate filing fee in full or file a motion to proceed <u>in forma pauperis</u> in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

IT IS SO ORDERED this  11th  day of May, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

11

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in case 2:04-CV-02832 was distributed by fax, mail, or direct printing on May 17, 2005 to the parties listed.

---

Kavin M. Carter
6894 Rockbrook Drive
Memphis, TN 38141

Honorable Bernice Donald
US DISTRICT COURT